# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:05cv265

| | |
|---|---|
| LISA MICELI, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| Vs. | )     ORDER<br>) |
| KBRG OF STATESVILLE, LLC; and<br>KBRG HOLDINGS, INC., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the court on defendants' Motion to Stay Pending Appeal (#34).[1] Upon the filing of such motion, the district court specifically referenced such Motion to Stay to the undersigned for disposition.

While defendants argue that they are likely to succeed on their appeal, the undersigned, respectfully, disagrees. The defendants argue that the provisions of North Carolina law that required the LLC to notify claimants of dissolution was voluntary, and that in any event, the LLC could still windup operations even after dissolution. While such argument addresses the first factor found by the undersigned, it does not address the other four duties that the LLC owed this court, none of which were discretionary. The other four failures that counseled allowing the amendment, included findings that:

---

[1] The court notes that there is no appeal from an interlocutory order referenced under 28 U.S.C. § 636(b). Instead, it appears that defendants intend to file "objections" under Fed.R.Civ.P. 72(a) to this court's previous Order to the district court.

-1-

(1) defendant failed to inform this court in a seasonable manner of the dissolution of such corporation, which is a violation of Rule 25, Federal Rules of Civil Procedure, inasmuch as corporate dissolution is the equivalent of death of an individual party;

(2) defendant violated the initial disclosure requirements of Rule 7.1, Federal Rules of Civil Procedure, which requires that a

> corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation . . . . [with] "its first appearance, pleading, petition, motion, response, or other request addressed to the court ....

Fed.R.Civ.P. 7.1(a) &(b)(1). Defendant first appeared in this matter by filing its Answer to the Amended Complaint on August 29, 2006. The Answer was not accompanied by the required disclosure statement;

(3) defendant violated Rule 7.1 (b)(2), which provides that defendant must "promptly file a supplemental statement upon any change in the information that the statement requires." Fed.R.Civ.P. 7.1(b)(2). Had such a statement been initially filed, defendant would have been obligated to inform this court of such dissolution seasonably in September 2006; and

(5) had such statement been completed, plaintiff would have been provided with information relevant to the now pending Motion to Amend.

Thus, while the court respects defendants' professional judgment that it is likely to succeed on its objections, the judgment of the undersigned is to the contrary. Indeed, the LLC's conduct in this matter was so egregious and resulted in harm to the administration of justice such that the court would have imposed substantial sanctions absent the professionalism of its counsel.

While it is certainly possible that the previous Order of this court may be found to be "clearly erroneous or contrary to law," Fed.R.Civ.P. 72(a), the undersigned does

find such a "probability" as to justify the further delay of this case.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Stay Pending Appeal (#34) is **DENIED**.

Signed: August 30, 2007

Dennis L. Howell
United States Magistrate Judge