**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:05CV265-V**

| | |
|---|---|
| Lisa Miceli,                  ) | |
|         **Plaintiff,**       ) | |
|                       ) | **O R D E R** |
|         v.               ) | |
|                       ) | |
| KBRG of Statesville, LLC, &   ) | |
| KBRG Holdings, Inc.,       ) | |
|         **Defendants.**     ) | |
|                       ) | |
| _____ ) | |

This matter is before the Court on Defendants' timely filed objections (Doc. #36) to the Order of United States Magistrate Judge Dennis L. Howell (Doc. #31), filed August 20, 2007, Plaintiff's Response (Doc. #41), and Defendant's Reply (Doc. #42).

## I. Factual and Procedural Background

On October 19, 2005, Plaintiff filed this action against her former employer KBRG of Statesville, LLC ("KBRG Statesville" or "the LLC") for claims arising from her employment as a hostess at two KBRG of Statesville neighborhoods in Charlotte, NC and Statesville, NC. Her claims include wrongful termination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-3(a); the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k); the North Carolina Employment Practices Act, N.C. Gen. Stat. § 143-422.2; the Fair Labor Standards Act, 29 U.S.C. § 216(b): and the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1.

Plaintiff filed her First Amended Complaint prior to the Defendant's Answer on July 13, 2006. (Doc. # 10). The LLC answered the first amended complaint on August 29, 2006. The LLC admittedly neglected to file a corporate disclosure statement with its answer. *See* Defendant's

Objections, P. 11. On September 15, 2006, the LLC's dissolution became effective with the N.C. Secretary of State.[1] The LLC left no successor in interest. The merits of plaintiff's claims are not at issue in this Order.

On August 1, 2007, Plaintiff moved to amend her complaint, and join KBRG Holdings, Inc. ("KBRG Holdings") as a defendant. (Doc. #24). Nine days later, KBRG Holdings moved for an extension of time to respond to Plaintiff's August 1st motion. (Doc. #27). On August 13, 2007, the magistrate judge orally granted an extension of time allowing the defendant to answer the plaintiff's motion to amend reserving the right to make a final determination at the pre-trial conference. (Doc. #28). At the pre-trial conference, the magistrate judge learned of the LLC's dissolution[2], and then granted the plaintiff's motion to amend without allowing the defendant an opportunity to respond.

The magistrate judge issued a written order on August 20, 2007 denying KBRG Statesville's motions to extend time on three discovery matters (Doc. ##15-17) because of the LLC's dissolution, allowed the Plaintiff to amend her complaint to join KBRG Holdings as a defendant relating this filing back to the date of the original complaint's filing, and denied defendant's motion to extend time to reply. Defendants filed their joint objections to the order on September 4, 2007.

## II. Standard of Review

Title 28, United States Code, Section 636(b)(1)(a) grants the district court authority to assign most pretrial matters pending before the court to a magistrate judge to "hear and determine." When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court

---

[1] http://www.secretary.state.nc.us/corporations/Filings.aspx?PItemId=5472900

[2] *See* Section III of this Order for a more thorough explanation of the dissolution process.

must set aside or modify any portion of that order which is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). A motion to amend the complaint is generally viewed as a non-dispositive motion, and thus is reviewed under Rule 72(a). Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993). Discovery motions decided by a magistrate judge are also non-dispositive, and reviewed under Rule 72(a). Tafas v. Dudas, 530 F.Supp.2d 786, 792 (E.D. Va. 2008). If a magistrate judge's order is contrary to law then the judge must have failed to apply or misapplied statutes, case law, or procedural rules. *See* Catskill Dev. L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

## III. Analysis

### A.    An LLC's Standing Upon Dissolution

The first issue is whether the magistrate's order is contrary to law with respect to his finding that KBRG of Statesville lacked standing to continue defending this action. Defendants argue the LLC's dissolution is not analogous to its death, and therefore, its standing is not destroyed because of such dissolution as suggested in the magistrate's order. *See* Magistrate's Order, P. 3, 7.

North Carolina's LLC dissolution statutes are non-specific as to which activities an LLC in dissolution may continue. *See* N.C. Gen. Stat. § 57C-6-04. It appears, however, that because of the similar language used in the state's Business Corporations Act;[3] an LLC in dissolution may continue its participation in a lawsuit as part of the winding up process. For instance, an LLC's dissolution *does not* "...abate or suspend a proceeding by or against the limited liability company in its own name." N.C. Gen. Stat. § 57C-6-04(c). This language is nearly identical to that found in the Business

---

[3] The Business Corporations Act, N.C. Gen. Stat. §§ 55-14-05 (a)(3), (a)(5), (b)(5), & (b)(6), makes clear that the winding up process includes providing for the discharge of its liabilities, and that dissolution does not prevent commencement of a proceeding against the corporation, nor does it stop or suspend a proceeding that has already begun against a corporation.

Corporations Act, which reads "[D]issolution does not...abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution." N.C. Gen. Stat. § 55-14-05(b)(6). State and federal courts have interpreted this section of the Business Corporations Act to mean that the corporate form remains upon dissolution, and therefore, a suit against a corporation will proceed as though the corporation has not dissolved. *See* Baker v. Rushing, 104 N.C. App. 240, 250, 409 S.E.2d 108, 114 (1991) (holding that a lawsuit may continue against a dissolved corporation); *see also* State ex rel. Howes v. W.R. Peele, Sr., Trust, 876 F.Supp. 733, 738-39 (E.D.N.C. 1995) ("the corporate existence does not cease by way of dissolution", thus, a dissolved corporation may continue defending an action); *see also* RUSSELL M. ROBINSON, II, ROBINSON ON N.C. CORP. LAW 7TH ED., §34.08 (2007) ("The effect of an LLC's dissolution and liquidation under the Act is similar to that of a corporate dissolution...").

Dissolution is the first stage in the winding up process, and allows a business to continue its activities for the limited purpose of winding up the business. KBRG of Statesville began dissolution on September 15, 2006, shortly after filing its answer to the first amended complaint. On November 1, 2006, the LLC filed three motions to extend on multiple discovery issues. It was not until early June 2007 that plaintiff's counsel learned of the LLC's dissolution, and sent interrogatories requesting *inter alia* the identity of the LLC's members. On July 25, 2007, the LLC filed its Amended Corporate Disclosure Statement (Doc. # 20) showing its sole member was KBRG Holdings. Plaintiff then moved to amend her complaint to join KBRG Holdings. The magistrate judge then determined that KBRG of Stateville lacked standing to contest this joinder, and denied its motions to extend time filed in November 2006.

From a careful reading of Howes, the North Carolina Limited Liability Company Act, and the Business Corporations Act, it appears KBRG of Statesville's existence did not end at its dissolution, which is but the first part of the winding up and termination process. There is no statute, case, or procedural rule supporting the premise that dissolution of an LLC results in its inability to defend a lawsuit. Rather, it seems defending a lawsuit is one of the limited activities allowed a company in dissolution to continue the winding up process. In the absence of controlling or persuasive authority to the contrary, this Court should follow the standard set forth from the authorities cited above. Thus, KBRG of Statesville's should be reinstated, and the defendants' motions to extend should be granted.[4]

### B.      Joinder of KBRG Holdings

The second issue is whether the joinder of KBRG Holdings is necessary for complete resolution of the plaintiff's claims. At the plaintiff's discretion, a defendant may be permissively joined "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a) Accordingly, it is not imperative for a plaintiff to seek full relief from all defendants. Id. Courts have broad latitude regarding permissive joinder of a party, and such joinder "should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Aleman v. Chugach Support Serv., 485 F.3d 206, 208 (4th Cir. 2007) (internal citations omitted). The defendants here concede that the plaintiff's claims arose out

---

[4]

 This Court recognizes the defendants' objections to the magistrate judge's order concerning the purported violations of North Carolina's General Statutes and the Federal Rules of Civil Procedure giving rise to unclean hands.  However, because the LLC has been reinstated as a co-defendant it is unnecessary to resolve these issues at this time.

of the same transaction or occurrence. *See* Defendants' Objections, P. 12, Fn. 5. As such, a thorough Rule 20 analysis would be extraneous now. Thus, a proper basis exists to permissively join KBRG Holdings.

### C.      Amending a Complaint to Add a Party

The third issue is whether the magistrate judge's finding that plaintiff could amend her complaint to join KBRG Holdings is contrary to law. A plaintiff may amend her complaint at the court's discretion, and such leave shall be freely granted if justice requires. Fed. R. Civ. P. 15(a). Courts read this rule liberally, and grant these amendments absent issues involving waste of time, bad faith, or unfair prejudice to the opposing party. *See* Foman v. Davis, 371 U.S. 178, 182 (1962); *see also* Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).

The plaintiff moved to amend her complaint, and join KBRG Holdings as a co-defendant on August 1st, 2007. At the time, the LLC's counsel acted on behalf KBRG Holdings. The magistrate judge granted the plaintiff's motion on August 14th 2007, and the plaintiff filed her second amended complaint on that date joining KBRG Holdings. The defendants present numerous arguments to this Court as to why the magistrate judge's order was contrary to law.  However, the magistrate judge correctly noted such arguments "...may be better presented in the form of motions to dismiss..." later in this proceeding. Magistrate's Order P. 4.

The Court finds the magistrate judge's order allowing the plaintiff to amend her  complaint and join KBRG Holdings is not contrary to law. Thus, the magistrate judge's order allowing the amended complaint joining KBRG Holdings is affirmed, and defendants' objection is overruled.

**D.      Relation Back of the Amended Complaint**

The fourth issue is to decide whether the magistrate judge's decision to allow the plaintiff's second amended complaint to relate back to the original filing date was contrary to law. Relation back is allowed if the amendment "arose out of the conduct, transaction, or occurrence set forth or attempted to be set for in the original pleading." Fed. R. Civ. P. 15(c)(2). Relation back is permitted as against a party so long as Rule 15(c)(2) is satisfied, the party being incorporated into the action will not be prejudiced, and the new party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c)(3). Therefore, a court determining whether to relate back an amended complaint based upon Rule 15(c)(3) must perform a three-pronged analysis.

First, a factual relationship must exist between the original complaint and the amended complaint for an amendment to relate back. Grattan v. Burnett, 710 F.2d 160, 163 (4th Cir. 1983); *see also* Harley v. Chao, 503 F.Supp.2d 763, 771 (M.D.N.C. 2007). Here, the substance of the factual allegations in the complaints are nearly identical. *See e.g.* Original Complaint ¶ 12, First Amended Complaint ¶ 16, & Second Amended Complaint ¶ 22 (each of these paragraphs discusses the defendants' alleged knowledge that plaintiff did not have a real estate license when employment offer was made). Also, the plaintiff does not substantively alter any claims, nor does she allege differing facts to support these claims. *See e.g.* Original Complaint ¶ 29, First Amended Complaint ¶ 27, & Second Amended Complaint, ¶ 34 (each of these paragraphs refers to defendants' alleged comments that female real estate agents were whores). It appears the only difference between the three pleadings arises with respect to allegations describing the relationship between KBRG Holdings and KBRG of Statesville. *See e.g.* Second Amended Complaint ¶¶ 6-8, 14, 16 (describing the agency

relationship between KBRG of Statesville and KBRG Holdings, and plaintiff's piercing the corporate veil allegations). The common discrimination claims and facts supporting those claims have remained. In fact, the defendants concede that the claims do arise from the same transaction as stated in the original complaint. *See* Defendant's Objections, P. 12, Fn. # 5. A factual nexus exists between the complaints. Thus, the first prong is met.

Second, an amended complaint must be "liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." Grattan, 710 F.2d at 163. As the *sole* member of KBRG of Statesville, it is inconceivable that KBRG Holdings was unaware of the plaintiff's claims. KBRG of Statesville has continued defending this action, and has not neglected its duty to do so. In fact, the same attorney continues representing both KBRG of Statesville and KBRG Holdings. KBRG Holdings was the only member of the LLC, and the LLC maintained its presence in this action. These facts demonstrate that KBRG Holdings had notice of the claims, and should have perceived that had the plaintiff been aware of this relationship earlier then suit may have included it as well.

The nature of the amendment and its timing are two additional factors in determining whether an amendment is prejudicial. Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). Rather than adding new claims or alleging new facts, Plaintiff requests merely to join KBRG Holdings as a co-defendant. This joinder was sought only after plaintiff's counsel learned that KBRG Holdings was the LLC's sole member, and not before that moment. KBRG Holdings may ultimately seek dismissal later in this proceeding. At this point, however, it is not prejudiced by being joined in this matter. Grattan instructs this Court to construe liberally the plaintiff's amendment to relate back. It appears that

KBRG Holdings had notice of the claims against it, and it will not be prejudiced. Thus, the second prong is met.

Third, relation back requires that KBRG Holdings must have known, or should have known, that but for the plaintiff's mistake concerning the proper party's identity, the action would have been brought against KBRG Holdings. Fed. R. Civ. P. 15(c)(3)(B). In essence, the defendants contend that the statutes of limitation bar KBRG Holdings' joinder because the amended complaint should not relate back, and that the plaintiff was mistaken about the identity of the proper party in this action. The defendants do acknowledge, however, that the defendant parties' interests are identical. *See* Defendant's Objection, P. 13. This acceptance bolsters the conclusion that the plaintiff's were mistaken as to the proper party's identity, and that KBRG Holdings knew or should have known that it may be joined. Plaintiff has also proffered exhibits in her Motion to Amend showing that KBRG of Statesville and KBRG Holdings were intricately connected, and that had she known about KBRG Holdings' involvement then she would have joined it sooner. *See* Plaintiff's Memorandum in Support, Ex. 8 (The LLC's Articles of Organization filed with the N.C. Sec. of State's Office showing Robert H. Tappan, President of KBRG Holdings, as the lone member of the *member-managed* KBRG of Statesville.).

Furthermore, the plaintiff was mistaken about KBRG Holding's identity because KBRG of Statesville admittedly failed to file the requisite corporate disclosure form in accordance with Fed. R. Civ. P. 7.1. The defendants correctly note that the intent behind Rule 7.1. is to alert judges to possible conflicts. It is extremely unlikely, however, that had the plaintiff seen this filing sooner then she would not have filed an amended complaint seeking to join KBRG Holdings. The Court finds the

plaintiff was mistaken as to the identity of KBRG Holdings being a proper party in the original action. Thus, the third prong is met.

It has been sufficiently shown that a factual nexus between plaintiff's second amended complaint and original complaint exists. Also, this Court finds that KBRG Holdings had notice of this action and will not be prejudiced by plaintiff's amendment. Further, this Court finds that plaintiff was mistaken as to KBRG Holdings' identity as a party, and that KBRG Holdings knew or should have known that but for the plaintiff's mistake then it would have been joined in this suit. The magistrate judge's finding that the plaintiff's amendment should relate back to the date of the original filing on October 19, 2005 is not contrary to law.

## IV. Order

**IT IS THEREFORE ORDERED THAT:**

1) Defendants' objections to the magistrate judge's order are **SUSTAINED** with respect to the LLC's standing;[5]

2) Defendants' objections to the magistrate judge's order are **OVERRULED** with respect to the plaintiff's joinder of KBRG Holdings; and

3) Defendants' objections to the magistrate judge's order are **OVERRULED** with respect to allowing the plaintiff's second amended complaint, and relation back to the date of the original filing, October 19, 2005.

---

[5]

To the extent defendants still wish to have their discovery motions filed in December 2007 decided upon after the parties have an opportunity to reevaluate their respective legal positions in light of the instant Order, the Court will entertain such a motion at counsel's request.

Signed: July 23, 2008

Richard L. Voorhees
United States District Judge

11