IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO.: 5:05-CV-265

| | |
|---|---|
| LISA MICELI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| KBRG OF STATESVILLE, LLC, and ) | |
| KBRG HOLDINGS, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendants' Motion for Attorneys' Fees and Expenses Incurred in Motion to Dismiss, filed March 21, 2011. (Doc. 102.) In response to Plaintiff's past attempt to rescind her Settlement Agreement with Defendants, Defendants brought a successful Motion to Dismiss Plaintiff's Complaint with prejudice (Doc. 94), and the Agreement was thereby enforced (Doc. 99). Defendants now move to recover the costs of preparing and prosecuting that Motion.

## FINDINGS OF FACT

The Court incorporates by reference its findings as set forth on pages one and two of its earlier Order granting Defendants' Motion to Dismiss. (Doc. 99.) Furthermore, the Court acknowledges that Defendants claim to have incurred $3,279.00 worth of legal fees and $107.89 worth of additional expenses in the preparation of that Motion (Doc 102-1 at 3), and another $3,361.50 in the preparation of the Reply Brief in Support of Motion for Attorneys' Fees (Doc. 113 at 2).

## ANALYSIS

This Court possesses the authority "to shift attorneys' fees, but only in the extraordinary

circumstances where bad faith or abuse can form a basis for doing so." *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 543 (4th Cir. 2002). Nonetheless, a court must "exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) (citation omitted).

Plaintiff implies that because the settlement agreement expressly provided for the application of the American Rule, there can be no fee shifting. (Doc. 111 at 3.) However, the Court will not interpret these clauses to cover costs resulting from subsequent acts of bad faith—acts attempting to repudiate the very agreement in which these clauses appear. *See Schmidt v. Zazzara*, 544 F.2d 412, 414 (9th Cir. 1976).

As Defendants did not induce Plaintiff or Plaintiff's counsel to enter into the Settlement Agreement by making any fraudulent or negligent misrepresentations of fact, and there was no evidence presented to this Court to support any legal basis to rescind that Agreement, Plaintiff's efforts to rescind—*made against the good advice of her own counsel, whom she subsequently attempted to discharge for refusing to state before the Court that there was a legal or factual basis for rescission*—were made in bad faith. Therefore, some award of attorneys' fees and expenses is appropriate.

In assessing fees, the Court finds that Defendants grossly overstate the time and effort expended in preparing the Motion to Dismiss (Doc. 94) and Reply Brief in Support of the Motion for Attorneys' Fees (Doc. 112). The Court notes that the Motion to Dismiss, less the compilation of exhibits, is under four pages of double-spaced text. To generate this work—essentially a simple time line of pertinent and semi-pertinent events composed without any need for legal research—and attach exhibits, it supposedly took an associate seven and one-

half hours, a paralegal one and one-half hours, and a partner three-fifths of an hour. The Court will not credit this assertion, but even if it should be accurate, a bill of $3,386.89 for such a simple project is entirely unjustified. The time required to complete the Defendants' Reply Brief is similarly overstated or unjustified. The Court thus awards Defendants $1,000.00 in attorneys' fees and expenses, allowing for one hour for the associate's preparation of the Motion to Dismiss, three hours for the associate's preparation of the Reply Brief in Support of Motion for Attorneys' Fees, thirty minutes of the paralegal's time, twenty-four minutes of the partner's time, and some miscellaneous expenses.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Attorneys' Fees and Expenses (Doc. 102) be **GRANTED** in the reduced amount of $1,000.00.

Signed: October 12, 2011

Richard L. Voorhees
United States District Judge